```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
GARY COOK,

                    Plaintiff,              11-CV-6436

          v.                                 **DECISION**
                                             **and ORDER**
CITY OF CORNING,

                    Defendants.
_____
```

## INTRODUCTION

Plaintiff, Gary Cook ("Plaintiff"), brings this action against the City of Corning based on his allegedly unlawful arrest on February 11, 2010 in the City of Corning. Compl. at ¶¶ 8-9, 15-16 (Docket No. 1.). Plaintiff initially filed this lawsuit on August 8, 2011, in the Supreme Court of the State of New York, County of Steuben. The case was thereafter removed to this Court by the Defendant, the City of Corning ("Defendant" or "the City"), based on Plaintiff's allegations of discrimination and other civil rights and due process violations.

Defendant moves to dismiss Plaintiff's Complaint, contending that his New York state law tort claims are barred by the applicable statute of limitations and because he failed to comply with the requirements of New York General Municipal Law § 50-e. Defendant also contends that he has not plead a plausible cause of action with respect to any federal or constitutional claims against the City. Plaintiff has not responded to Defendant's motion.

## BACKGROUND

The following facts are taken from the Complaint and the Notice of Claim which is attached to the Complaint and incorporated into the Complaint by reference.[1]  Plaintiff alleges that on February 11, 2010 he was stopped by several Corning City Police Officers while he was walking down Pulteney Street near the intersection of Pulnteney and Bridge Streets in Corning, New York. Plaintiff had just left an antique store in the area.  Plaintiff alleges that "without warning or apparent reason," the officers surrounded him, ordered him to get down on the ground, and forcefully threw him to the ground, causing him to injure his shoulder.  The officers then arrested Plaintiff, placed him in restraints and took him to the police station.  Plaintiff states that he was not told why he was arrested.  The officers then brought Plaintiff to the hospital where he was examined and later released by a doctor.  Plaintiff also claims that at some point an officer temporarily confiscated an antique sword that was in his possession.  It is unclear who took the sword and for how long the sword was out of Plaintiff's possession.  It does not appear from the face of the Complaint that Plaintiff was charged with a crime.

---

[1] In connection with a motion to dismiss under Rule 12(b)(6), the Court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

Based on these factual allegations Plaintiff states that the City failed "to use due care in supervising, training and otherwise assuring that its officers and agents did not cause harm to Plaintiff nor discriminate against him based on his racial or ethnic background." He also asserts causes of action for "unlawful harassment, humiliation, intimidation and battery" and states that he suffered psychological injury based on the actions of the police officers. Lastly, he states that he suffered violations of his civil rights and procedural and substantive due process rights.

Plaintiff filed a Notice of Claim with the City of Corning pursuant to N.Y. General Municipal Law § 50-e on May 3, 2010. The Notice of Claim contains the same factual allegations, but does not include allegations relating to Plaintiff's claim of negligent training and supervision.

## DISCUSSION

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

A.   Plaintiff's State Law Tort Claims

While Plaintiff's Complaint does not specifically delineate the causes of action he seeks to raise, the Court has construed his Complaint to raise the following state law tort claims: (1) a general negligence claim, (2) negligent supervision and training, (3) assault, (4) battery, (5) false arrest, (5) negligent and/or intentional infliction of emotional distress and (6) unlawful deprivation of property. All of Plaintiff's claims accrued on February 11, 2010, the night of his allegedly unlawful arrest. Plaintiff filed a Notice of Claim on May 11, 2010, which describes the factual circumstances of his arrest and asserts some, but not all of the above mentioned causes of action. Plaintiff then commenced this lawsuit on August 8, 2011.

Defendant argues that Plaintiff did not properly comply with the Notice of Claim requirements of General Municipal Law § 50-e with respect to several of his claims and that all of his state law tort claims against the City of Corning are barred by the applicable statute of limitations set forth in General Municipal Law § 50-i. The Court need not address the legal sufficiency of Plaintiff's Notice of Claim or his claims in general, as his state law tort claims are barred by the applicable statute of limitations.

Section 50-i of the General Municipal Law provides that the statute of limitations for tort actions against a municipality is one year and ninety days. Plaintiff, therefore, was required to have filed his Complaint no later than May 11, 2011 to be timely. However, Plaintiff did not file the instant action until August 8, 2011. Accordingly, his state law tort claims against the City of Corning are untimely and are hereby dismissed with prejudice.

B.   Plaintiff's Claims Under 42 U.S.C. § 1983

The Court also construes Plaintiff's complaint to allege several causes of action for violations of his federal civil and constitutional rights under 42 U.S.C. § 1983, including due process violations, violations of the Fourth Amendment to the U.S. Constitution and racial and/or ethnic discrimination. "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three

elements: (1) [a] policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." See Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983). Conclusory allegations of a policy or custom will not suffice; rather, a Plaintiff must set forth factual allegations to plausibly support that a policy or custom exists and that it caused a constitutional deprivation. See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008).

Here, Plaintiff states that Defendant failed "to use due care in supervising, training and otherwise assuring that its officers and agents did not cause harm to Plaintiff nor discriminate against him based on his racial or ethnic background." Compl. at ¶12. The failure to properly train and supervise employees may evince a policy or custom sufficient to hold a municipality liable under § 1983; however, the failure to train or supervise must be so severe that it amounts to "gross negligence or deliberate indifference to the deprivation of the plaintiff's constitutional rights." See Owens v. Haas, 601 F.2d 1242 (2d Cir. 1979); see also Prowisor v. Bon-Ton, Inc., 426 F.Supp.2d 165, 174 (S.D.N.Y. 2006) aff'd 232 Fed. Appx. 26 (2d Cir. 2007). An allegation of simple negligence, without more, is insufficient to support a claim against a municipality. See Owens, 601 F.2d at 1246; see also Neighbour v. Covert,68 F.3d 1508 (2d Cir. 1995).

The factual circumstances alleged, however, do not plausibly support Plaintiff's conclusory allegation that the Defendant failed to supervise or train its officers and that this failure amounted to a deliberate indifference to Plaintiff's constitutional rights. Plaintiff's Complaint describes the circumstances of his allegedly unlawful arrest, claiming that several officers in the city stopped him, yelled at him to get down, forced him to the ground injuring his shoulder, placed him in handcuffs and drove him to the police station. Plaintiff was later brought to the hospital, treated and released. He states that the officers also temporarily confiscated an antique sword in his possession. Plaintiff has not alleged facts to show that a failure to train or supervise these officers caused the allegedly unlawful actions, or that this failure to train or supervise was so severe that it amounted to a deliberate indifference to his constitutional rights. Further, the facts, as alleged, do not suggest the type of brutal conduct that might suggest some level of official knowledge or "acquiescence" in the alleged constitutional violation, based solely on the occurrence of the single event. Cf. Owens, 601 F.2d at 1247 ("a single brutal incident such as [a severe beating of a plaintiff by police officers] may be sufficient to suggest ...[a causal] link.").

Therefore, the Court finds that Plaintiff has not plausibly alleged a policy or custom of the City to support a cause of action under § 1983. Accordingly, to the extent that Plaintiff seeks to

raise any claims under § 1983, those claims are hereby dismissed without prejudice. Should Plaintiff seek to amend his Complaint, he must allege facts sufficient to plausibly state a cause of action against the City, as conclusory allegations such as those contained in the Complaint are insufficient.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's state law tort claims are dismissed with prejudice as they were not brought within the applicable statute of limitations. Further, any claims Plaintiff raises under § 1983 are dismissed without prejudice for his failure to plausibly state a claim for relief. Therefore, Plaintiff's Complaint is hereby dismissed in its entirety.

ALL OF THE ABOVE IS SO ORDERED.

s/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         October 28, 2011